UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GRACIELA NAVAS,

    Plaintiff,

v.                      Case No. 8:22-cv-617-VMC-TGW

ALEJANDRO MAYORKAS, Secretary,
U.S. Department of Homeland
Security; and UR MENDOZA JADDOU,
Director, U.S. Citizenship and
Immigration Services,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendants Alejandro Mayorkas and Ur Mendoza Jaddou's Amended Motion to Dismiss First Amended Complaint (Doc. # 26), filed on July 1, 2022. Plaintiff Graciela Navas responded on August 3, 2022. (Doc. # 33). For the reasons set forth below, the Motion is granted.

**I.**    **Background**

Graciela Navas is a native and citizen of El Salvador. (Doc. # 19 at ¶ 1). Ms. Navas currently resides in Polk County, Florida. (Id. at ¶ 8). Ms. Navas is married to Oscar Rolando Navas, who is a citizen of the United States. (Id. at ¶ 10). On or about February 13, 2020, Mr. Navas filed a Form

1

I-130, Petition for Alien Relative, with Defendants. (Id. at ¶ 12). That form sought to classify Ms. Navas as an "immediate relative" within the meaning of 8 U.S.C. § 1151(b)(2)(A)(i) as the spouse of a United States citizen. (Id.). On February 19, 2021, USCIS approved Mr. Navas's Form I-130. (Id. at ¶ 13).

On February 13, 2020, Ms. Navas submitted a Form I-485 to seek "adjustment of status" through Mr. Navas's Form I-130. (Id. at ¶ 14). On April 1, 2020, Ms. Navas submitted a Form I-601 and supporting documentation to USCIS. (Id. at ¶ 15). Ms. and Mr. Navas appeared at a USCIS Field Office for a personal interview on December 22, 2020. (Id. at ¶ 16).

On March 16, 2022, Ms. Navas filed the instant action requesting the Court compel Defendants to adjudicate her Form I-485 and Form I-601. (Doc. # 1). Thereafter, on April 25, 2022, USCIS issued written decisions denying Ms. Navas's Form I-485 and Form I-601. (Doc. # 19 at ¶¶ 18, 24). USCIS's decision to deny Ms. Navas's Form I-485 was based on its determination that the application was "unnecessary because [Ms. Navas had] already received the benefit that [the Form I-485] can bestow." (Id. at ¶ 19; Doc. # 19-1 at 2). Further, USCIS noted that even if Ms. Navas was eligible for an adjustment, her case presented "significant adverse factors

2

that show discretion should not be exercised in [her] favor."
(Doc. # 19-1 at 2).

As to the Form I-601, USCIS determined that since Ms.
Navas' Form I-485 was denied, she was no longer eligible for
an adjustment of status and thus was ineligible for a waiver
of inadmissibility. (Doc. # 19-2 at 2). Like with Form I-485,
USCIS noted that Ms. Navas's eligibility notwithstanding,
"significant adverse factors" presented by her case counseled
against discretion. (Id.).

Following USCIS's denial of Ms. Navas's Form I-485 and
Form I-601, Ms. Navas sought leave to amend the initial
complaint. (Doc. # 16). On May 31, 2022, Ms. Navas filed her
Amended Complaint. (Doc. # 19). The amended complaint seeks
review of the denial of her Form I-485 and I-601 in accordance
with the Administrative Procedure Act (APA). (Id. at 4).
Specifically, Ms. Navas requests this Court declare
Defendants' denial of her Form I-485 and Form I-605 arbitrary
and capricious and not in accordance with law pursuant to 5
U.S.C. § 706(2).

On July 1, 2022, Defendants filed an Amended Motion to
Dismiss First Amended Complaint for Lack of Subject Matter
Jurisdiction. (Doc. # 26). Ms. Navas responded on August 3,
2022. (Doc. # 33). The Motion is thus ripe for review.

II.  **Legal Standard**

Motions filed under Federal Rule of Civil Procedure 12(b)(1) question this Court's jurisdiction over the subject matter of the case. And Rule 12(h)(3) provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Thus, the Court may consider motions to dismiss for lack of subject matter jurisdiction at any time.

Motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). In factual attacks, the Court delves into the arguments asserted by the parties and the credibility of the evidence presented. Garcia v. Copenhaver, Bell, & Assocs., 104 F.3d 1256, 1260–61 (11th Cir. 1997). As stated in Morrison, "Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings. In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits." 323 F.3d at 925.  In deciding a motion to dismiss filed under Rule 12(b)(1), this Court is not required to assume that the allegations in the complaint are true. Rosenkrantz v. Markopoulos, 254 F. Supp. 2d 1250, 1251 (M.D.

Fla. 2003); <u>see also</u> <u>Goodman v. Sipos</u>, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001) (finding that factually-based attacks on subject matter jurisdiction go beyond the pleadings and permit testimony and affidavits to be considered).

On a Rule 12(b)(1) facial attack, as here, the Court evaluates whether the plaintiff "has sufficiently alleged a basis of subject matter jurisdiction" in the complaint and employs standards similar to those governing Rule 12(b)(6) review. <u>Houston v. Marod Supermarkets, Inc.</u>, 733 F.3d 1323, 1335 (11th Cir. 2013).

A plaintiff bears the burden of demonstrating that the Court has jurisdiction. <u>Menchaca v. Chrysler Credit Corp.</u>, 613 F.2d 507, 511 (5th Cir. 1980). Once subject matter jurisdiction has been questioned, a plaintiff is required to "clearly allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." <u>Warth v. Seldin</u>, 422 U.S. 490, 518 (1975).

## III. <u>Analysis</u>

Defendants contend that Ms. Navas's amended complaint should be dismissed because the Immigration and Nationality Act (INA) precludes from judicial review USCIS's decision to deny Ms. Navas's adjustment of status application. (Doc. # 26

at 6). Defendants rely on the Supreme Court's decision in Patel v. Garland, 142 S.Ct. 1614 (2022), for the proposition that 8 U.S.C. § 1252(a)(2)(B)(i) insulates eligibility determinations as well as the USCIS's ultimate decision from judicial review.

Ms. Navas makes two arguments in response. First, she argues that Patel is limited to precluding judicial review of factual findings made in the course of adjudicating an application for discretionary relief. (Doc. # 33 at 10). Ms. Navas contends that because her amended complaint asserts that USCIS made a legal, not a factual, error, Patel is not controlling. (Id. at 11–12). Second, Ms. Navas argues that Patel is inapposite because it addressed the reviewability of judgments made in removal proceedings, whereas she seeks review of an application for discretionary relief filed outside of removal proceedings. (Id. at 12). The Court will provide an overview of the applicable statutes and law before addressing each of Ms. Navas's arguments in turn.

"The APA confers a general cause of action upon persons 'adversely affected or aggrieved by agency action within the meaning of a relevant statute[.]'" Block v. Cmty. Nutrition Inst., 467 U.S. 340, 345 (1984) (quoting 5 U.S.C. § 702). "But before any review at all may be had, a party must first

6

clear the hurdle of [Section] 701(a). That section provides that the chapter on judicial review 'applies, according to the provisions thereof, except to the extent that—(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law.'" Heckler v. Chaney, 470 U.S. 821, 828 (1985) (quoting 5 U.S.C. § 701(a)).

The INA grants authority to USCIS to adjust the status of an alien to that of a lawful permanent resident. 8 U.S.C. § 1255. In particular, 8 U.S.C. § 1255(a) provides that an applicant's status "may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence." 8 U.S.C. § 1255(a). Another section of the INA, 8 U.S.C. § 1252(a)(2)(B), strips the courts of jurisdiction to review decisions relating to an adjustment of status under Section 1255. In relevant part, the statute provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and *regardless of whether the judgment, decision, or action is made in removal proceedings*, no court shall have jurisdiction to review—
> (i) any judgment regarding the granting of relief under section . . . 1255 of this title[.]

8 U.S.C. § 1252(a)(2)(B) (emphasis added). However, Section 1252(a)(2)(D) clarifies that:

> Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

8 U.S.C. § 1252(a)(2)(D).

The Supreme Court's decision in Patel clarified the scope of Section 1252(a)(2)(B)(i), holding that the language of Section 1252(a)(2)(B)(i) "does not restrict itself to certain kinds of decisions." Patel, 142 S.Ct. at 1622. In Patel, plaintiff applied to USCIS for an adjustment of status after entering the United States unlawfully. Id. at 1620. USCIS denied his application pursuant to Section 1255(i)(a)(A) and Section 1182(a)(6)(C)(ii)(I) upon a determination that plaintiff had previously misrepresented that he was a United States citizen on an application for a drivers' license. Id. Several years later, DHS initiated removal proceedings against plaintiff and his wife because of their unlawful presence in the United States. Id. During the removal proceedings, before an immigration judge, plaintiff argued that he had made the misrepresentation on the drivers'

8

license application inadvertently, and thus without the subjective intent required by Section 1162(a)(6)(C)(ii)(I). Id. The immigration judge concluded otherwise, which BIA found "not clearly erroneous" in dismissing plaintiff's appeal. Id. Plaintiff then petitioned the Eleventh Circuit for review, arguing that the immigration judge erred in finding not credible his testimony that he lacked the requisite intent. Id.

The Supreme Court granted certiorari to address the circuit split regarding the scope of Section 1252(a)(2)(B)(i), evaluating whether the phrase "any judgment" in Section 1252(a)(2)(B)(i) included factual determinations made by the BIA as part of considering a request for discretionary relief, or whether it referred only to the ultimate decision whether to grant or deny relief. Id. at 1621. The Court adopted the former interpretation, determining that "the provision applied to judgments of whatever kind under [Section] 1255, not just discretionary judgments or the last-in-time judgment." Id. at 1622 (internal quotations omitted). Thus, according to the Court, Section 1252(a)(2)(B)(i)'s jurisdiction-stripping provision "plainly includes factual findings." Id.

As relevant to Ms. Navas's amended complaint, the plaintiff in Patel sought review only of factual determinations made by the immigration judge. Id. at 1620. The Court thus addressed only whether the statute "precludes judicial review of factual findings that underlie a denial of relief." Id. at 1618. While the Court's analysis emphasized the broad scope of Section 1252(a)(2)(B)(i), specifically finding "[t]he provision does not restrict itself to certain types of decisions," it held that the statute "plainly includes factual findings." Id. at 1622. Thus, the Court did not explicitly address whether Section 1252(a)(2)(B)(i) forecloses review of legal determinations.

Likewise, Patel did not explicitly resolve the related question of whether Section 1252(a)(2)(B)(i) prohibits review of similar "judgments" pursuant to Section 1255 made outside of removal proceedings. See Id. at 1626 ("Those decisions are made outside of the removal context . . . . The reviewability of such decisions is not before us, and we do not decide it."). In doing so, the Court noted that "it is possible that Congress did, in fact, intend to close that door" and that "foreclosing judicial review unless and until removal proceedings are initiated would be cosnsistent with Congress' choice to reduce procedural protections in the context of

discretionary relief." Id. at 1626–27. Thus, under the current legal framework, the question of whether Section 1252(a)(2)(B)(i) preserves judicial review of decisions made pursuant to Section 1255 outside of removal proceedings remains open.

**A.    The Amended Complaint Raises Issues of Law**

Ms. Navas's first argument for why this Court has jurisdiction to hear her case is that her amended complaint raises questions of law, rather than fact, and thus Patel does not foreclose judicial review under these circumstances. (Doc. # 33 at 11).

The Court in Patel explicitly held that "[f]ederal courts lack jurisdiction to review facts found as part of a discretionary-relief proceedings under [Section] 1255 and the other provisions enumerated in [Section] 1252(a)(2)(B)(i)." Patel, 142 S.Ct. at 1627. Ms. Navas is thus correct that Patel does not affirmatively state that the scope of Section 1252(a)(2)(B) includes questions of law as well as fact.

Another section of the statute, Section 1252(a)(2)(D), preserves judicial review of such questions, but explicitly confers jurisdiction on the courts of appeals, not district courts. § 1252(a)(2)(D); see, e.g., Iglesias v. Mukasey, 540 F.3d 528, 531 (7th Cir. 2008) (finding jurisdiction existed

11

in the court of appeals pursuant to Section 1252(a)(2)(D) to review BIA decisions for legal errors). This Court's inquiry would thus end had Ms. Navas invoked its jurisdiction through this statutory provision, as the provision permits review of questions of law in courts of appeals, not district courts. See Davidson v. Mayorkas, 599 F. Supp. 3d 767, 772–73 (W.D. Wis. 2022) ("The jurisdiction-stripping provisions of the INA include a specific exception to allow courts of appeals to review constitutional claims and questions of law raised on a petition for review. But there is no equivalent exception authorizing review in lower courts." (internal citation omitted)); Lee v. U.S. Citizenship & Immigr. Servs., 592 F.3d 612, 620 (4th Cir. 2010) (noting that Section 1252(a)(2)(D) does not give plaintiffs a "jurisdictional bootstrap into district court").

Instead, Ms. Navas recognizes that "these proceedings are not a petition for review brought in accordance with [Section] 1252(b)," and contends that the language of the statutory provision limiting jurisdiction to the courts of appeals "does not apply in these proceedings." (Doc. # 33 at 13–14 n.44). However, in doing so, Ms. Navas does not explain from where this Court derives its authority to review questions of law raised in immigration proceedings. The

question for the Court is thus whether Section 1252(a)(2)(B)'s "all judgments" language includes questions of law, as well as fact. Based on a review of the cases both preceding and in the wake of Patel, as well as the reasoning applied in Patel, the Court finds that it does.

As an initial matter, Ms. Navas's argument is unavailing because her contention that she is not bringing her case pursuant to Section 1252(b) does not allow her to avoid the jurisdictional bar of Section 1252(a)(2)(B). Section 1252(b) governs judicial review of an order of removal under Section 1252(a)(1).  8 U.S.C. § 1252(b).  In contrast, Section 1252(a)(2)(B) precludes judicial review of "any judgment regarding the granting of relief under section . . . 1255" and applies "regardless of whether the judgment, decision, or action is made in removal proceedings[.]" Id. § 1252(a)(2)(B), (B)(i). Nothing in the language of the statute indicates that its jurisdictional bar is limited to actions brought pursuant to Section 1252(b), nor has Ms. Navas provided any authority in support of that contention. In fact, as the Court will explain in more detail with respect to Ms. Navas's second argument, the language of Section 1252(a)(2)(B) affirms its broad applicability.

Nevertheless, the Court's review of the applicable law confirms that Section 1252(a)(2)(B) forecloses judicial review of issues of law decided pursuant to Section 1255. Even before the Supreme Court decided Patel, courts routinely held that Section 1252(a)(2)(D) was the only avenue to obtain review of legal questions presented in immigration proceedings. See, e.g., Davidson, 599 F. Supp. at 772–73 (dismissing claim of legal error for lack of jurisdiction). For example, in Maravilla v. Barr, No. 1:20-CV-3495-TWT, 2021 WL 4392505, at *4 (N.D. Ga. Aug. 20, 2021), the district court found that Section 1252(a)(2)(B) "conclusively preclude[d] jurisdiction" in a case seeking review of USCIS's decision to deny the plaintiff's adjustment of status. Relying on Section 1252(a)(2)(B), the court concluded it lacked jurisdiction over the plaintiff's claim that USCIS erred, but noted "the Eleventh Circuit would have jurisdiction to entertain a colorable constitutional or legal challenge brought by [plaintiff] to the USCIS's decision." Id. at *4; see also Elhayboubi v. Mayorkas, No. 19 C 7659, 2021 WL 872946, at *3 (N.D. Ill. Mar. 8, 2021) (noting the district court did not have jurisdiction over a purely legal presented because "[a]lthough 8 U.S.C. § 1252(a)(2)(D) allows questions of law raised upon a petition for review" to be heard

despite sections 1252(a)(2)(B)(i) and (ii), that claim must be heard by the appropriate court of appeals. (internal quotations omitted)).

The Supreme Court's discussion in <u>Patel</u> also indicates that Section 1252(a)(2)(B) forecloses judicial review of legal determinations. First, while the Court's endeavor in <u>Patel</u> was limited to determining whether Section 1252(a)(2)(B)(i) precludes review of factual findings, its analysis reinforced the broad sweep of that provision. Specifically, the Court determined that "any" as modifying the phrase "judgment" within the statute "means that the provision applies to judgments 'of whatever kind' under [Section] 1255, not just discretionary judgments or the last-in-time judgment." <u>Patel</u>, 142 S.Ct. at 1622 (internal quotations omitted). The Court concluded that Section 1252(a)(2)(B)(i) encompasses "any judgment *relating* to the emphasis of relief." <u>Id.</u> (emphasis in original). While the Court there emphasized that the language of the statute "plainly includes factual findings," at no point did it limit its scope to such findings. See <u>Id.</u> ("The provision does not restrict itself to certain kinds of decisions. Rather, it prohibits review of *any* judgment regarding the granting of relief under [Section] 1255 and the other enumerated

provisions." (emphasis in original)). In short, Ms. Navas has given this Court no reason to believe that the expansive "any judgment" language in Section 1252(a)(2)(B)(i) extends only to factual determinations and the granting or denial of relief, at the exclusion of legal findings. The plain language of Section 1252(a)(2)(B)(i) exempts questions of law from judicial review, and the Patel Court's determination that it "does not restrict itself to certain kinds of decisions" confirms its broad applicability. Id.

Second, the Patel Court's discussion of Section 1252(a)(2)(D) presupposes that judicial review of legal determinations is unavailable in the absence of that provision. In determining that Section 1252(a)(2)(B)(i) includes factual determinations, the Court noted its conclusion was bolstered by Section 1252(a)(2)(D). Id. at 1623. Specifically, the Court explained that Congress added Section 1252(a)(2)(D) to the statute following the Court's expressing concern in I.N.S. v. St. Cyr that foreclosing judicial review of all legal questions could raise constitutional concerns. 533 U.S. 289, 300 (2001); Patel, 142 S.Ct. at 1623. The Court noted that "[w]hile Congress could have responded to St. Cyr by lifting [Section] 1252's prohibitions on judicial review altogether, it instead

16

excised only the legal and constitutional questions that implicated our concerns." Patel, 142 S.Ct. at 1623. Thus, according to the Court, by carving out an exception for legal and constitutional questions, Congress "must have left *something* within the rule." Id. (emphasis in original); see also Patel v. U.S. Att'y Gen. 971 F.3d 1258, 1275 (11th Cir. 2020) ("Section 1252(a)(2)(D) *restores* our jurisdiction to review constitutional claims or questions of law." (emphasis added)). Ms. Navas's argument that this Court has jurisdiction to review questions of law cannot be squared with the Court's analysis in Patel.

Finally, courts analyzing challenges to USCIS decisions denying an adjustment of status in the wake of Patel have similarly found Section 1252(a)(2)(D) to be the only avenue to raise legal challenges. A district court recently rejected an argument similar to that made by Ms. Navas, reasoning that Patel's focus on factual determinations did not tacitly open the door to review of legal questions by district courts. See Chaudhari v. Mayorkas, No. 2:22-cv-47-RJS-CMR, 2023 WL 1822000, at *7 (D. Utah Feb. 8, 2023). Specifically, in Chaudhari, plaintiff sought review of USCIS's denial of his request of adjustment of status in district court, contending that "he challenges a legal determination made by USCIS,"

17

distinguishing his case from that in <u>Patel</u>. <u>Id.</u> The court disagreed, explaining that "<u>Patel</u> instructs that [Section] 1252(a)(2)(B)(i) sweeps exactly as the plain text provides." <u>Id.</u> at *8. Thus, according to the court, to the extent plaintiff's case presented a question of law, the only available recourse would be in the courts of appeals. <u>Id.</u> Other courts confronting the issue have reached the same conclusion. See <u>Badra v. Jaddou</u>, No. 1:22-CV-22465-JEM, 2022 WL 4448260, at *5 (S.D. Fla. Sept. 14, 2022) (citing <u>Patel</u> for the proposition that "the only challenge to any decision pertaining to an adjustment of status is a legal challenge made to a Circuit Court upon an order of removal"), <u>report and recommendation adopted</u>, No. 22-22465-CIV, 2022 WL 4376331 (S.D. Fla. Sept. 22, 2022); <u>Boldt v. Jaddou</u>, --- F. Supp. 3d ---, 2023 WL 355171, at *2 n.2 (N.D. Ill. 2023) ("However questions of law are precluded from review in [district court] and is a matter left to the Court of Appeals."); <u>Garcia v. United States Citizenship & Immigr. Servs.</u>, No. 3:21-CV-2233-G, 2022 WL 3349151, at *11 (N.D. Tex. Aug. 12, 2022) (finding unavailing plaintiff's argument in favor of judicial review that he is only challenging the legal standards applied to deny his I-485 application).

It is thus clear to this Court that the fact that Ms. Navas is asking for review of a legal, rather than a factual, determination does not permit it to sidestep the jurisdiction-stripping mechanism contained in Section 1252(a)(2)(B)(i). The only avenue for courts to review issues of law raised by USCIS determinations is through Section 1252(a)(2)(D), which confers jurisdiction on the courts of appeals.

### B.   Ms. Navas Was Not in Removal Proceedings

Ms. Navas's second argument for why this Court has jurisdiction to hear her case is that Patel is limited to relief presented in the context of removal proceedings. (Doc. # 33 at 12). Because Ms. Navas seeks review of an application for discretionary relief filed outside of removal proceedings, she contends that Patel is inapposite. (Id.).

The Court in Patel recognized the plaintiff and Government's suggestion that its interpretation of Section 1252(a)(2)(B)(i) might have the "unintended consequence of precluding all review of USCIS denials of discretionary relief." Patel, 142 S.Ct. at 1626. Ms. Navas is correct that the Court in Patel explicitly stated that "[t]he reviewability of such decisions is not before us, and we do not decide it." Id. However, the majority of courts

confronting the issue after Patel have extended its holding to other USCIS proceedings, such as the denial of an adjustment of status like that at issue here. See, e.g., Rabinovych v. Mayorkas, No. 21-CV-11785-AK, 2022 WL 3908951, at *4 (D. Mass. Aug. 31, 2022) (finding it lacked jurisdiction to review a Section 1255 judgment outside of the removal context).

For example, in Rabinovych, the district court found that the "great weight of lower court precedent supports [its] conclusion that is without jurisdiction to hear Plaintiff's claim" where the underlying USCIS decision was made outside of removal proceedings. Id. There, the court relied on the Fourth Circuit's decision in Lee v. U.S. Citizenship and Immigration Services, 592 F.3d 612 (4th Cir. 2010), for the proposition that the jurisdictional bar of Section 1252(a)(2)(B)(i) applies regardless of whether the plaintiff was in removal proceedings. See Lee, 592 F.3d at 619 ("And, although [Section] 1252 generally addresses judicial review with regard to final orders of removal, the language 'regardless of whether the judgment, decision, or action is made in removal proceedings' makes clear that the jurisdictional limitations imposed by [Section] 1252(a)(2)(B) also apply to review of agency decisions made outside of the

removal context."). In doing so, the court in Rabinovych noted that the Fourth Circuit's interpretation set forth in Lee is "shared by many other circuits and district courts." Rabinovych, 2022 WL 3908951, at *5; see Ayanbadejo v. Chertoff, 517 F.3d 273, 277 (5th Cir. 2008) ("The law makes clear that we and the district court lack jurisdiction over determinations made with respect to an I-485 application for permanent resident status under [Section] 1255."); Morina v. Mayorkas, No. 22-CV-02994 (LJL), 2023 WL 22617, at *9 (S.D.N.Y. Jan. 3, 2023) ("The Court thus . . . holds that Patel's holding applies regardless of whether removal proceedings have been commenced."); Atanasovska v. Barr, No. 2:20-cv-02746-JTF-TMP, 2022 WL 17039146, at *2 (W.D. Tenn. Nov. 8, 2022) ("The Court does not believe that Patel is distinguishable because it involved a removal proceeding as opposed to the USCIS's denial of Plaintiff's Application for Adjustment of Status or Motion to Reopen and Reconsider."); but see Hernandez v. U.S. Citizenship and Immigr. Servs., --- F. Supp. 3d ---, 2023 WL 17338961, at *5 (W.D. Wash. Nov. 30, 2022) ("[T]he Court finds that Subparagraph (B) applies only where there is a challenge to a removal order and not to Rubio Hernandez's challenge to the denial of his request for adjustment of status unrelated to removal proceedings.").

This Court will join that chorus. First, the Court is persuaded by the weight of authority finding that Section 1252(a)(2)(B)(i)'s jurisdiction-stripping mechanism applies outside of removal proceedings. See, e.g., Rabinovych, 2022 WL 3908951, at *5 (collecting cases). Second, as the aforementioned cases discuss, such a reading comports with the plain text of the statute. The introduction of Section 1252(a)(2)(B)(i) states that the provision applies "regardless of whether the judgment, decision, or action is made in removal proceedings." 8 U.S.C. § 1252(a)(2)(B). The statute thus plainly does not limit its bar on judicial review to removal proceedings. See Doe v. Mayorkas, 2022 WL 4450272, at *4 (D. Minn. Sept. 23, 2022) ("USCIS's denial of Doe's I-485 application was a judgment relating to the granting of relief under [Section] 1255(m) and thus is within the 'any judgment' language of this jurisdictional bar. Although the denial was a decision made by USCIS outside a removal proceeding, it is firmly within the plain language of the statute." (citation omitted)); Chaudhari, 2023 WL 1822000, at *7 (finding that "it would be hard to reconcile any other outcome" besides Section 1252(a)(2)(B)'s jurisdictional bar applying outside of removal proceedings with the statutory text). Therefore, even though Ms. Navas seeks relief from a

22

denial of a status adjustment, such a proceeding falls within the ambit of Section 1252(a)(2)(B)(i)'s plain text.

In short, Section 1252(a)(2)(B)(i) deprives this Court of jurisdiction to review "any judgment regarding the granting of relief under section . . . 1255 of this title[.]" Section 1252(a)(2)(B) makes clear this provision applies "regardless of whether the judgment, decision, or action is made in removal proceedings[.]" The plain text of the statute thus renders this Court without jurisdiction to hear Ms. Navas's appeal. That the Patel Court did not directly address the issue does not change this Court's conclusion.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Defendants Alejandro Mayorkas and Ur Mendoza Jaddou's Amended Motion to Dismiss First Amended Complaint (Doc. # 26) is **GRANTED.**

(2)   Plaintiff Graciela Navas's case is dismissed without prejudice.

(3)   The Clerk is directed to terminate any pending motions or deadlines and, thereafter, **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this

<u>13th</u> day of March, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

24